```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

MICHAEL J. MUZYKA,

        Plaintiff,
v.                              Case No. 8:10-cv-2413-T-33AEP

REGIONS BANK,

        Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Regions Bank's Motion to Dismiss (Doc. # 15), filed on March 29, 2011, and Muzyka's Response in Opposition (Doc. # 19), filed May 9, 2011. Also before the Court is Muzyka's Amended Complaint (Doc. # 20), filed on May 9, 2011, which this Court construes as a motion for leave to amend the complaint. For the reasons that follow, the Court will deny as moot the motion to dismiss and allow Muzyka to file an amended complaint.

## Discussion

Muzyka, appearing pro se, initiated this employment discrimination and retaliation case on October 27, 2010. (Doc. # 1). His complaint does not contain numbered paragraphs, and instead, is in a letter format addressed to the Court. Muzyka contends that Regions Bank, as Muzyka's former employer, failed to provide "reasonable accommodations" to help Muzyka manage his condition of bi-polar disorder. (Doc. # 1 at 2).

Muzyka also alleges, "I continued to work diligently as a personal banker within the Regions Bank Private Banking group until I was terminated on December 11, 2009. I certainly believe that my termination was the result of officially filing charges of discrimination a month earlier." Id.

Regions Bank filed its motion to dismiss on March 29, 2011. (Doc. # 15). Therein, Regions Bank correctly contends that the complaint fails to comply with the Federal Rules of Civil Procedure (specifically Rule 10(b)). Regions Bank also points out that "the complaint does not contain a caption, assert a basis for jurisdiction or venue, identify a basis for relief, identify [Muzyka's] causes of action or separate [Muzyka's] causes of action, if any, into distinguishable counts." (Doc. # 15 at 1).

In addition, Regions Bank asserts that dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the complaint fails to state a claim upon which relief can be granted. Specifically, Regions Bank argues that the complaint, even construed liberally due to Muzyka's pro se status, does not pass muster under the standards set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Initially, Muzyka failed to respond to the motion to dismiss. The Court issued an Order on April 19, 2011, giving Muzyka more time to respond and warning Muzyka that, absent a response to the motion, the Court would be inclined to grant the motion to dismiss as an unopposed motion. (Doc. # 17).

On May 9, 2011, Muzyka filed both a response to the motion to dismiss and an amended complaint.[1] In his submissions, Muzyka fails to address the issues raised by Regions Bank in the motion to dismiss. Rather, Muzyka appears to argue that amendment of the complaint is needed to clarify his existing complaint counts and to add new counts. In the construed motion to amend, Muzyka incorrectly argues that his complaint is not governed by the United States Supreme Court cases of Twombly and Iqbal. (Doc. # 20 at 3-4). Muzyka "suggest[s] that these cases actually do not apply to my Complaint." Id. at 4. As will be discussed below, the watershed cases of Twombly and Iqbal apply to the present case, and all civil cases filed in this Court.

Because Muzyka is a pro se plaintiff, the Court will grant him another bite at the proverbial apple and will allow Muzyka to file an amended complaint on or before May 27, 2011.

---

[1] The Court will construe the amended complaint as a motion to amend the complaint because Muzyka is not entitled to amend the complaint as a matter of right at this stage of the proceedings. See Fed. R. Civ. P. 15.

In preparing his amended complaint, Muzyka should be mindful that the standards for pleadings enunciated in Twombly and Iqbal apply. In addition, Muzyka should not file the document that he has labeled "amended complaint" (Doc. # 20) as his amended complaint. That document does not comply with the Federal Rules of Civil Procedure and it contains many paragraphs that discuss irrelevant matters having no bearing on Muzyka's allegations of employment discrimination and retaliation.[2]

The Court advises Muzyka that, in reviewing a motion to dismiss, the Court accepts as true all of the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). All that is required is a short and plain statement of the claim. Twombly, 550 U.S. at 555 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. A complaint that offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545. Legal conclusions may provide the framework of the complaint,

---

[2] Paragraphs 1 through 5 are extraneous and should not be included in the amended complaint.

but they must be supported by factual allegations. Iqbal, 129 S. Ct. at 1950.

Further, when construing the pleadings of a pro se plaintiff, as in the present case, the court must construe the pleadings liberally. Douglas v. Yates, 535 F.3d 1316, 1320 (11th Cir. 2008). Even in light of this factor, however, the requirements for pleading and dismissal are still applicable. Id.

The rules of civil procedure, working in concert, require a plaintiff to "present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading and allow the court to determine which facts supported which claims and whether the plaintiff had stated any claims upon which relief can be granted." Washington v. Bauer, 149 F. App'x 867, 869-70 (11th Cir. 2005)(discussing Federal Rules of Civil Procedure 8 and 10(b))(internal citations omitted).

Muzyka's original complaint appeared to allege disability discrimination and retaliation, and it included a copy of his charge of discrimination filed with the Florida Commission on Human Relations. In his response to the motion to dismiss and in his construed motion to amend, Muzyka expresses his desire to expand the nature of the allegations against Regions Bank. The Court therefore dismisses Muzyka's original complaint

(Doc. # 1) without prejudice.  The Court will allow Muzyka to file an amended complaint on or before May 27, 2011.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendant's Motion to Dismiss (Doc. # 15) is **DENIED AS MOOT.**

(2) Muzyka's Construed Motion to Amend the Complaint (Doc. # 20), is **GRANTED.** Muzyka is directed to file an amended complaint on or before May 27, 2011.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of May 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel and Parties of Record