```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

MICHAEL J. MUZYKA,

        Plaintiff,

v.                                  Case No. 8:10-cv-2413-T-33AEP

REGIONS BANK,

        Defendant.
_____/

**ORDER**

    This matter comes before the Court pursuant to Muzyka's "Motion to Obtain an Extension of Time to Meet with Employment Law Attorney and to Permit Proper Filing of Proposed 'Amended Complaint' and Related Matters Pertaining to Original Complaint" (Doc. # 30), which was filed on June 17, 2011. In the motion, Muzyka indicates that Regions Bank opposes the extension sought. Nevertheless, the Court will grant a final extension, as outlined below.

**Discussion**

    Muzyka, appearing pro se, initiated this employment discrimination and retaliation case on October 27, 2010. (Doc. # 1). Muzyka failed to timely effect service of process on Regions Bank, and after an extension of time, the Court issued an order to show cause due to Muzyka's failure to effect service of process. (Doc. # 7, 8, 11). After service of

process was finally effected on Regions Bank, Regions Bank filed a motion to dismiss the complaint. (Doc. # 15).

Initially, Muzyka failed to respond to the motion to dismiss. The Court issued an Order on April 19, 2011, giving Muzyka more time to respond and warning Muzyka that, absent a response to the motion, the Court would be inclined to grant the motion to dismiss as an unopposed motion. (Doc. # 17).

On May 9, 2011, Muzyka filed both a response to the motion to dismiss and an "amended complaint."[1] In his submissions, Muzyka failed to address the issues raised by Regions Bank in the motion to dismiss. Rather, Muzyka argued that amendment of the complaint was needed to clarify his existing complaint counts and to add new counts. On May 12, 2011, the Court issued an order dismissing the original complaint without prejudice and granting Muzyka the opportunity to file an amended complaint. (Doc. # 21). In the Court's May 12, 2011, order, the Court noted, "Because Muzyka is a pro se plaintiff, the Court will grant him another bite at the proverbial apple and will allow Muzyka to file an amended complaint on or before May 27, 2011." (Id. at 2).

---

[1] The Court construed the "amended complaint" as a motion to amend the complaint because Muzyka was not entitled to amend the complaint as a matter of right at that juncture. See Fed. R. Civ. P. 15.

On May 27, 2011, rather than filing an amended complaint, Muzyka filed a motion for an extension of time to file the amended complaint. (Doc. # 23). Regions Bank strenuously opposed the motion, noting that the motion "should be denied because [Muzyka] already has had ample opportunity -- more than 10 months -- to hire another attorney but, despite already receiving multiple extension on same or similar grounds, has exhibited no progress toward securing representation. At some point, enough is enough." (Doc. # 24 at 1).

On June 9, 2011, the Court entered an order granting Muzyka a limited extension of time to file the amended complaint -- until and including June 17, 2011. (Doc. # 25). On June 17, 2011, Muzyka filed his present extension motion. He explains that "the Florida Bar Lawyer Referral Service has provided a referral for me. Unfortunately, the employment attorney is out of the country until June 27, 2011." (Doc. # 30 at 2). Muzyka requests an extension, until and including July 15, 2011, to file the amended complaint.

In addressing the present extension motion, the Court notes that this case has been pending for nearly eight months. At this juncture, the Court would be completely justified if it were to deny the extension sought and dismiss the case for failure to file the amended complaint. See Moon v. Newsome,

863 F.2d 835, 837 (11th Cir. 1989) ("Once a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")  The Court, however, declines to take this step. Instead, the Court will allow Muzyka one final extension to file an amended complaint on or before July 15, 2011.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Muzyka's "Motion to Obtain an Extension of Time to Meet with Employment Law Attorney and to Permit Proper Filing of Proposed 'Amended Complaint' and Related Matters Pertaining to Original Complaint" (Doc. # 30) is **GRANTED.**

(2) Muzyka has until and including July 15, 2011, to file an amended complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of June, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel and Parties of Record