UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL J. MUZYKA,

          Plaintiff,

v.                         Case No. 8:10-cv-2413-T-33AEP

REGIONS BANK,

          Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant's Motion in Limine Regarding Medical Testimony (Doc. # 60), which was filed on February 21, 2012. Plaintiff filed a Response in Opposition (Doc. # 69) on February 29, 2012. For the reasons that follow, the Court denies the Motion.

**Analysis**

Defendant seeks an order barring Jeffrey George, M.D., Plaintiff's treating physician, from offering testimony at trial. Defendant argues that Plaintiff failed to disclose Dr. George as an expert and also asserts that Dr. George's testimony will be irrelevant to the issues set for disposition at trial.

Plaintiff responded to the Motion by indicating that he plans to call Dr. George as his treating physician and not as an expert witness: "Neither his diagnosis nor his recommendations constitute expert testimony from Dr. George."

(Doc. # 69 at 1).  In this ADA case, Plaintiff contends that he has bi-polar disorder, a condition which jurors may not recognize or understand.  This Court determines that a physician, particularly, Plaintiff's treating physician, is the proper conduit for relaying this information to the jury.  On balance, it appears that Plaintiff intends to utilize Dr. George as a lay witness.  Plaintiff's plan is consistent with the Eleventh Circuit's ruling in Wilson v. Taser, Int'l, Inc., 303 F. App'x 708, 712 (11th Cir. 2008) that "a treating physician may testify as a lay witness regarding his observations and decisions during treatment of a patient [but] once the treating physician expresses an *opinion* unrelated to treatment, which is based on scientific, technical, or other specialized knowledge, that witness is offering expert testimony for which the court must perform its essential gatekeeping function." (internal quotations omitted)(emphasis in original).[1]

Thus, the Court will not strike Dr. George as requested by Defendant.  Instead, the Court will limit Dr. George's testimony to his observations and decisions during treatment

---

[1] Defendant may renew its objections to the testimony during trial in the instance that Dr. George begins to offer expert opinion testimony.

of Plaintiff.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion in Limine Regarding Medical Testimony (Doc. # 60) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of March, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record